**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DIRECTV, INC., | : | |
| Plaintiff, | : | Case No. 3:03CV413 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| ERIC ADKINS, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.  INTRODUCTION**

In February 2005 the Clerk of Court filed an Entry of Default pursuant to Fed. R. Civ. P. 55(a) against the sole Defendant in this case, Eric Adkins.  This case is before the Court upon Plaintiff DIRECTV, Inc.'s Motion for Default Judgment as to Defendant Eric Adkins [Sum Certain].  (Doc. #5).  Defendant has not filed an answer or otherwise responded to DIRECTV's Complaint and did not respond to DIRECTV's Motion for Default Judgment.  As a result, the Court ordered Defendant to show cause in writing on or before October 28, 2005 why DIRECTV's Motion should not be granted.  (Doc. #8).  The Court also notified Defendant that his failure to file a timely response to the Order to Show Cause will result in entry of Default Judgment against him.  *Id*.

Defendant has not responded to the Order to Show Cause.

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II. DEFAULT JUDGMENT IS WARRANTED

### A. Defendant Has Defaulted

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default and judgment by default against a party who fails to plead or otherwise defend as provided for under the Civil Rules. "When a party 'has failed to plead or otherwise defend...' entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). This procedure began in the present case when the Clerk of Court filed an Entry of Default against Defendant under Fed. R. Civ. P. 55(a). *See* Doc. #6.

The return of service attached to the summons establishes that DIRECTV obtained proper service upon Defendant by leaving a copy of the summons at his usual place of residence with a person of suitable age and discretion then residing therein. *See* Doc. #3. Service of summons upon Defendant in this manner was effective and proper under Fed. R. Civ. P. 4(e)(2) and Ohio R. Civ. P. 4.1(C).

There is no controversy regarding the fact that Defendant is in default because he was properly served with a summons and because he has not filed an answer or otherwise responded to the Complaint. In addition, Defendant did not respond to DIRECTV's Motion for Default Judgment or to the Court's Order to Show Cause despite being given notice that a failure to respond will result in entry of Default Judgment against him. (Doc. #8). Under these circumstances, the Clerk of Court's Entry of Default was warranted pursuant to Fed. R. Civ. P. 55(a), and Default Judgment may be warranted under Fed. R. Civ. P. 55(b)(2).

B.   **DIRECTV's Complaint and Motion for Default Judgment**

"The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court.  Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered.  A default judgment cannot stand on a complaint that fails to state a claim."  *GMAC Commercial Mortgage v. Maitland Hotel Assoc.*, 218 F.Supp.2d 1355, 1359 (M.D. Fla. 2002)(citations omitted).

DIRECTV states in its Motion for Default Judgment that its "complaint requested that the Court award damages of $10,000 for each Pirate Access Device purchased and possessed in the United States in violation of 18 U.S.C. §2511(1)(a), 18 U.S.C. §2512(1)(b) and 18 U.S.C. §2520(c)(2)...."  (Doc. #5 at 3).  In this manner, DIRECTV seeks to recover damages under the Complaint's Second Claim – "Unauthorized Interception of Electronic Communications in Violation of 18 U.S.C. §2511(1)(a)" – and its Third Claim – "Possession of Pirate Access Devices in Violation of 18 U.S.C. § 2512(1)(b)."  (Doc. #1 at 4-5).

DIRECTV's Second Claim (unauthorized interception) states a viable cause of action under 18 U.S.C. §2511(1)(a) because the plain language of this statute specifically provides for a private right of action for damages due to an unauthorized interception of encrypted satellite television broadcasts.  *DIRECTV, Inc. v. Pepe*, __ F.3d __, __, 2005 WL 3436625 at *3-4 (3rd Cir. 2005)(noting this holding "comports with that of every other court of appeals to have considered the question. *See, e.g.*, *DIRECTV v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005)....")(other citation omitted).

DIRECTV's Third Claim (possession of Pirate Access Device) fails to state a viable cause of action under 18 U.S.C. §2512(1)(b).  "Although Section 2512 criminalizes mere

3

possession of a pirate access device, it does not have a parallel provision for a private right of action." *DIRECTV, Inc. v. Schulien*, __ F.Supp.2d __, __, 2005 WL 3115894 at *10 (N.D. Ill. Nov. 17, 2005)(and cases cited therein). As one Court of Appeals has cogently explained:

> [T]here is conspicuously no civil action for merely possessing or purchasing a pirate access device. Neither §605(a) nor §2511(1)(a) is violated by such conduct. By comparison, §2512(1)(b) *does* make it a crime to 'intentionally ... possess[ ] ... any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications[.]' Tellingly, however, the civil cause of action embodied in §2520 does not cover such possessory violations. Had Congress wanted to provide a civil action for possessing or purchasing pirate access devices, it could have done so, subject of course to constitutional constraints....

*Robson*, 420 F.3d at 538-39 (footnotes omitted)(brackets in original); *see DIRECTV, Inc. v. Treworgy*, 373 F.3d 1124, 1126-30 (11th Cir. 2004); *see also In re DIRECTV, Inc. Cases*, 344 F.Supp.2d 636, 645-46 (D. Az. 2004).

Accordingly, DIRECTV's Second Claim states a claim upon which relief can be granted under 18 U.S.C. §2511(1)(1); DIRECTV's Third Claim fails to state a claim upon which relief can be granted under 18 U.S.C. §2512(b)(1).

### C. <u>Default Judgment is Warranted</u>

Because Defendant is in default and because DIRECTV's Complaint states a claim upon which relief can be granted under 18 U.S.C. §2511(1)(a), DIRECTV is entitled to a Default Judgment against Defendant under Fed. R. Civ. P. 55(b)(2). This conclusion, however, does not resolve the issue of damages. *DIRECTV v. Bloniarz*, 336 F.Supp.2d 723, 725 (W.D. Mich. 2004)(citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)); *see Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D.Mich.1983)("A default judgment on well-pleaded allegations

establishes only defendant's liability; plaintiff must still establish the extent of damages."

### III. DAMAGES UNDER 18 U.S.C. §2520

#### A. Damages Under 18 U.S.C. §2520(c)(2)

Recalling that DIRECTV seeks to recover statutory damages under 18 U.S.C. §2520(c)(2), the following procedure applies:

> (1) The court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any....
>
> (2) The court should next ascertain the number of days that the statute was violated, and multiply by $100....
>
> (3) The court should then tentatively award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award....
>
> (4) Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it....

*Dorris v. Absher*, 179 F.3d 420, 430 (6th Cir. 1999)(citing 18 U.S.C. §§2520(c)(2)(A), (B)).

Although DIRECTV claims that it suffered actual damages, DIRECTV explains that it does not seek to recover actual damages or the profits gained by Defendant from his violation of the wiretapping statute. *See* Doc. #5 at 5-6. DIRECTV acknowledges that the amount of $100 in *per diem* damages is less than $10,000. DIRECTV therefore seeks to recover statutory damages in the amount of $10,000 plus attorney fees and costs. *Id*. Because DIRECTV's actual damages plus Defendant's profits are less than $10,000, and because the amount of $100 in *per diem* damages is less than $10,000, a tentative award of $10,000 in statutory damages applies. *See Dorris*, 179 F.3d at 430.

5

### B. Step 4 of the *Dorris* Analysis

As explained above, Step 4 of the *Dorris* analysis permits this Court "to exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it...." 179 F.3d at 430. Although DIRECTV has not specifically addressed this step in the damages analysis, *see* Doc. #5 at 3-6, *Dorris* permits (and perhaps require) its consideration and Rule 55(b) requires an individualized assessment of the amount of damages to be assessed against Defendant, *see DIRECTV, Inc. v. Guzzi*, 308 F.Supp.2d 788, 790-91 (E.D. Mich. 2004).

Numerous factors may be considered when determining whether to award damages under 18 U.S.C. §2520 including:

> whether the plaintiff suffered financial harm, the extent to which a violation occurred and unlawfully intercepted signals were disclosed, whether the defendant had a legitimate reason for his or her actions, whether the defendant profited from his or her acts, and whether an award of damages would serve a legitimate purpose.

*Guzzi*, 308 F.Supp. at 790 (citing *Dorris*, 179 F.3d at 430 (other citations omitted); *see DIRECTV, Inc. v. Neznak*, 371 F.Supp.2d 130, 134-35 (D. Conn. 2005)(collecting cases).

Because the record is presently lacking any evidence or argument concerning these factors, DIRECTV should be granted leave to conduct limited discovery analogous to a creditor's examination to determine: (1) whether DIRECTV suffered harm as a result of Defendant's acts; (2) whether Defendant actually used a Pirate Access Device and whether he disclosed to others DIRECTV's encrypted television broadcasts; (3) whether Defendant had a legitimate reason for his actions, (4) whether Defendant profited from his acts, (5) whether an award of damages would serve a legitimate purpose; and (6) the financial status of Defendant. *See DIRECTV, Inc. v. Craig*, 361 F.Supp.2d 1339, 1343-44 (M.D. Alab. 2005); *see also Guzzi*,

6

308 F.Supp.2d at 790-91.

Defendant should be notified that his failure to respond to DIRECTV's limited discovery requests may warrant an imposition of the full $10,000 award of statutory damages against him plus DIRECTV's additional reasonable attorney fees incurred in conducting limited discovery.

Nothing in this Report should be construed to discourage the parties from seeking to settle their dispute before, during, or after DIRECTV's limited discovery.  The parties may contact the Court in the event they wish to schedule a settlement conference.

### C.     Attorney Fees and Costs

As to attorney fees and costs, the amount DIRECTV seeks ($551.50) is verified by the Exhibits it submits in support of its Motion for Default Judgment (Doc. #5) and constitutes a reasonable amount under the circumstances of this case.  In the absence of a response by Defendant to DIRECTV's Motion for Default Judgment, no just reason to delay the award of attorney fees and costs appears on the record, and 18 U.S.C. §2520(b)(3) specifically authorizes such an award.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff DIRECTV, Inc.'s Motion for Default Judgment (Doc. # 5) be GRANTED in part and Default Judgment be entered in favor of Plaintiff DIRECTV, Inc. and against Defendant Eric Adams under Fed. R. Civ. P. 55(b)(2);

2. Defendant Eric Adams be ordered to pay DIRECTV's reasonable attorney fees and costs in the amount of $551.50;

3. DIRECTV's Motion for Default Judgment (Doc. #5) be DENIED in part without prejudice pending limited discovery analogous to a creditor's examination;

4. Upon resolution of any objections to this Report & Recommendation, a

        Scheduling Order issue setting deadlines for DIRECTV to complete limited discovery and file a Motion addressing damages, if any, to be assessed against Defendant; and

5.      Upon completion of this limited discovery and upon Motion by DIRECTV, the Court should determine what amount of damages, if any, should be awarded to DIRECTV in this case.

December 30, 2005

                                                           s/ Sharon L. Ovington
                                                            Sharon L. Ovington
                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).